JOSIAH H. GORDON *vs.* RICHARD S. McCULLOH, and others.

*Incumbrances and Liens—Simple contract Debts—Statute of Frauds—Creation by Parol of Trust affecting Realty—Evidence.*

A deed, and a written agreement entered into between the parties on the day of the date of the deed, but prior to its execution, stipulating that the grantee shall take such steps as he shall judge, or may be advised, are necessary and proper to discharge all incumbrances upon or claims against the lands, will not have the effect to render simple contract debts "incumbrances upon, or claims against," the lands. These expressions import liens which *proprio vigore* bind the realty and fasten upon and follow it into the hands of all purchasers who take it with notice of their existence.

A debt cannot be considered a lien upon land because it may become such through successful litigation.

The seventh section of the Statute of Frauds does not prevent the creation by parol of a trust affecting realty; but in such case, the only competent proof of its existence is a writing signed by the party who had the power to create it, that is, the owner of the realty.

Letters showing that subsequently to the execution of the written instrument, a trust has been declared, are admissible in evidence to show it.

APPEAL from the Circuit Court for Garrett County.

The appellant filed a bill in equity, in which he alleged that John P. Hubbard and wife, William I. Brown and wife, Russell Sturgis and Wife, Henry Upham and wife, J. S. P. Greene and wife, John S. McCulloh, James W. McCulloh, Richard S. McCulloh and William J. McCulloh, were seised in fee simple, as tenants in common of certain lands in Garrett County and that while so seised they

became indebted to the complainant in the sum of five hundred and fifteen dollars for professional services, and for money paid and expended for them at their request, in his business and employment as attorney-at-law and solicitor in chancery; and that John P. Hubbard, was also indebted to him in the sum of two hundred and fifty dollars, for professional services. The bill of complaint further alleged that Upham and wife, and Green and wife, conveyed all their interest in said lands to Hubbard, subject to the payment of their portion of said indebtedness; and that Hubbard and wife, Brown and wife, Sturgis and wife, John S. McCulloh, and William J. McCulloh, conveyed to Richard S. McCulloh, all their interest in said lands; that although the deeds on their several faces appeared to be absolute deeds, in fact the lands were to be held by said Richard in trust, for the purpose of selling and disposing of them, and applying the proceeds to the payment of the sums of money due to complainant, and the balance, after deducting commissions, costs and expenses, was to be paid over to the several grantors; and that said Richard accepted the trust; and that at various times from the year 1872, down to the year 1874, he acknowledged the said trust in writing, signed by him, and agreed to pay the complainant, out of the proceeds of sales of the lands, the sums of money due to him. Prayer—that Richard S. McCulloh might be decreed to hold the lands under and subject to the trust, and to sell a sufficient quantity of the land, and apply the proceeds to the payment of the sums of money due to complainant. Defendants answered denying the trust and the indebtedness, and pleading the Statute of Limitations. A large amount of testimony was taken; and many letters of complainant and of several of the defendants were produced and filed.

The Circuit Court, dismissed the bill of complaint with costs, and complainant appealed.

The cause was argued before ALVEY, C. J., YELLOTT, MILLER, and BRYAN, J.

*Robert H. Gordon,* for the appellant.

*Gilmor S. Hamill,* and *Thomas J. Peddicord,* for the appellees.

BRYAN, J., after stating the case, delivered the opinion of the Court.

The bill of complaint in this case was filed for the purpose of enforcing a supposed lien on certain lands in Garrett County. It alleged that the defendants were seised in fee simple, as tenants in common, of these lands, and that they became indebted to the complainant for professional services rendered by him as an attorney-at-law and solicitor in chancery, and for money paid and expended for them at their request, in his business and employment as attorney and solicitor ; and that titles of all the defendants except James W. McCulloh, were conveyed by several deeds to Richard S. McCulloh ; that although each of these deeds on its face appeared to be absolute and free from any trust, yet in fact the lands were conveyed to said Richard, in trust for the purpose of selling and disposing of them and applying the proceeds of the sales to the payment of the sums of money due to the complainant, and the balance to the several grantors, after deducting commissions, costs and expenses. It was further alleged, that the said Richard accepted the said deeds with the understanding that the property conveyed was subject to said trust ; and that after the execution of the deeds, and at various times from the year 1872, down to the year 1874, he acknowledged the said trust in writing signed by him, and agreed to pay the complainant the money due to him, out of the proceeds of sales of the property. The bill prayed for a decree establishing the trust and for a

sale and the application of the proceeds to the payment of the debts due complainant. The Circuit Court decided that the trust was not proved, and dismissed the bill of complaint.

We will consider the evidence applicable to this question. John P. Hubbard acquired the shares of Upham and wife, and Greene and wife, in these lands, and some years afterwards, that is, on the twelfth day of December, 1870, he and his wife conveyed all their interest in the property to Richard S. McCulloh in fee simple. On the day of this conveyance, but prior to its execution, Hubbard and McCulloh, entered into a written agreement under their signatures, which, after providing for the execution and delivery of the conveyance, contained this stipulation: "That said Richard, in consideration of the execution and delivery to him of the aforesaid deed or deeds, will and shall take such steps as he shall judge or may be advised are necessary and proper, to discharge all incumbrances upon or claims against the said lands, and to release and free said lands, all or any of them, from any undivided or joint interest of any person whatever in the same, by exchange, partition or sale of all or any part thereof, by or through proceedings in Court or otherwise; and finally, the said Richard will hold and transfer to said John, his heirs or assigns, one-third of any residue of the proceeds of the sales thereof, after deducting all charges and expenses which the said Richard may have incurred in the premises." This language seems to be sufficiently distinct. There were incumbrances and claims resting on the lands, and these it was desired to remove, so that they might be sold with the advantage of a clear title. The debts alleged to be due to the complainant were merely simple contracts, and in no respect *"incumbrances upon, or claims against"* the lands. These expressions import liens, which *proprio vigore* bind the realty; which fasten upon it and follow it into the hands of all purchasers, who

take it with notice of their existence ; and which may be enforced by a sale of the property. They are called " *incumbrances* " because they rest as a burden on the title, until they are removed by payment or release ; they are described as " claims against the land," because the land is the debtor and may be sold to discharge the debt, without regard to the personal liability of the owner. To be sure, all simple contracts may by a due course of successful legal proceedings be reduced to judgments, and judgments are undoubtedly liens on land. But when this change in the character of the indebtedness occurs, the simple contract has no longer a legal existence. It is merged and entirely gone. It has never been held that a debt is to be considered a lien, because it might become such through litigation, if successfully prosecuted. There are in the record a large number of letters to the complainant from Hubbard and Richard McCulloh. These shew acknowledgments of indebtedness to the complainant, and promise to pay it ; but they do not indicate that a trust was imposed upon the realty for this purpose. Before the Statute of Frauds a trust affecting lands might be created and proved by parol. The seventh section of the Statute does not prevent the creation of a trust by parol, but it requires that it " shall be manifested and proved by some writing signed by the party who is by law enabled to declare such trust, or by his last will and testament." That is to say, the original constitution of the trust may be by words; but in such case, the only competent proof of its existence is a writing signed by the party who had the power to create it. This construction of the Statute had been quite uniform. *Maccubbin vs. Cromwell*, 7 *Gill & Johnson*, 157 ; 1 *Greenleaf on Evidence, section* 266. We could not hold that it was competent to shew that a parol trust was declared cotemporaneously with the written trust of December the twelfth, 1870; because this would infringe a well established rule of evidence, which

is necessary to preserve certainty in the construction of written instruments. Nevertheless if these letters showed that subsequently to this written instrument a trust had been declared, we would be obliged to give effect to it. The proper person to declare a trust is the owner of the land. In this case Mrs. Hubbard's interest in the lands could not be bound by a declaration of trust, in which she did not join. And as a matter of course, in order to bind the trustee, it would be necessary to show that he had accepted the trust.

Deeds similar to the one executed by Hubbard and wife, were also executed by William J. McCulloh and wife, John S. McCulloh and wife, William I. Brown and wife, and Russell Sturgis and wife, and agreements similar to Hubbard's were made with Richard McCulloh, by Brown, Sturgis, and John and William McCulloh. It is not so stated in the bill of complaint, but the record shows that a deed and an agreement of similar character were also made by James W. McCulloh. What we have said about the Hubbard deed and agreement will apply equally to those of the other parties. We affirm the decree.

*Decree affirmed, with costs.*